BOYCE F. MARTIN, Jr., Circuit Judge,
concurring.
If I had been the immigration judge in this case, I believe I would have granted relief to Ms. Metko given the facts of this case.
The immigration court in this case held and the majority heavily relies on the finding that Metko’s testimony lacked credibility. The immigration court concluded that Metko was inconsistent in her testimony as to whether her persecution was based on her political affiliations or her knowledge of her husband’s illicit activities. No matter what one labels her fear as stemming from, it is clear that Metko’s fear stems from her husband’s connections to those in power in Abania. Holding different views from her husband, Metko claims she is being persecuted for her political views, whether they be an open affiliation with the Democratic Party or for speaking up against her husband’s prostitution business. Additionally, the immigration court failed to give any substantial reason for rejecting the testimony of Metko’s brother, Fatos. If the court found his testimony to be truthful, then this would surely have bolstered Metko’s credibility in comparison to the minor inconsistencies that led to the adverse credibility finding.
Nevertheless, the fact of the matter is that I was not the immigration judge in this ease and I am bound in this appellate review by the congressionally prescribed standard of review that is, unfortunately, nearly insurmountable for the appealing alien. 8 U.S.C. § 1252(b)(4)(B); see Singh v. Ashcroft, 398 F.3d 396, 400-01 (6th Cir.2005). Athough I am sympathetic with the difficulties faced by immigration courts and its caseload, it should be responsible for providing a complete and accurate determination on asylum claims. See Niam v. Ashcroft, 354 F.3d 652 (7th Cir.2004); Guchshenkov v. Ashcroft, 366 F.3d 554 (7th Cir.2004). Let us not forget the impact of these hearings on the lives of the individuals involved. The least we can ask of the immigration court is to provide a thorough and complete analysis for its determination beyond identifying minor inconsistencies, cultural differences, or language barriers. However, in this case I am bound by the stiff standard of review and must, therefore, concur.